# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| PHILIP A. ELLIS, JR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF TENNESSEE, DEPARTMENT OF )<br>CHILDREN'S SERVICES, et al., )<br>    Defendants. ) | No. 3:11-CV-68<br>(Phillips) |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of the plaintiff for an order remanding this case to the Circuit Court for Jefferson County, Tennessee. Defendants oppose the motion. For the reasons which follow, plaintiff's motion to remand will be granted.

This action was originally filed in the Circuit Court for Jefferson County, Tennessee. The basis of the lawsuit was a common law retaliatory discharge claim where the plaintiff alleged that he was terminated by the State of Tennessee after filing complaints of alleged wrongful and illegal activities in the Tennessee Department of Children's Services. His complaint also incorporated a state whistle-blower claim. In addition to these claims, plaintiff also raised a violation under the Family and Medical Leave Act (FMLA), which gave rise to the subject matter and removal jurisdiction of this court. Based upon the FMLA claim, on February 20, 2011, defendants filed a notice of removal. Defendants then

filed a motion to dismiss plaintiff's complaint on February 17, 2011. On March 8, 2011, plaintiff filed an amended complaint, which did not contain a FMLA claim and voluntarily dismissed the FMLA claim in the original complaint. On March 17, 2011, plaintiff field a notice of voluntary dismissal as to "any alleged, assumed or inferred claim under any Federal Statute (including, but not limited to any alleged claim pursuant to 42 U.S.C. § 1983) or any claim that Defendants violated the United States Constitution." Therefore, plaintiff asserts there are no federal claims or issues remaining in the complaint or that are before this court, and there is no other basis for federal removal jurisdiction.

While this court retains supplemental jurisdiction over plaintiff's remaining state law claims, whether to exercise supplemental jurisdiction is a matter of the court's discretion. 28 U.S.C. § 1367(a); *Landefeld v. Marion Gen. Hosp. Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993). 28 U.S.C. § 1367 provides that a district court may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996). Dismissal of all federal claims weighs heavily in favor of declining supplemental jurisdiction. *Gamel v. City of Cincinnati,* 625 F.3d 949, 952 (6th Cir. 2010).

In deciding whether to retain jurisdiction over state law claims, the court should consider and weigh several factors, including the "values of judicial economy, convenience, fairness and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In making the determination of whether to remand state law claims, the court may also consider whether plaintiff has used manipulative tactics to secure a state forum; difficulty or novelty of state law issues; whether the district could avoid needless state law issues; whether the district court has expended significant time and resources; whether dismissal or remand will result in duplicative litigation, whether the matter has been on the district court's docket for a significant time; whether the parties have completed discovery; whether the plaintiff has abandoned all federal claims at a late stage in the proceedings; and whether a summary judgment motion has been filed and is ripe for review. *Fox v. Brown Memorial Home Inc.,* 2011 WL 63507, *4 (S.D.Ohio Jan. 7, 2011).

Although the plaintiff here has engaged in forum manipulation by amending his complaint and dismissing his federal claims, this factor alone, is not sufficient to cause the court to continue to exercise supplemental jurisdiction over plaintiff's remaining claims, all of which arise under the law of Tennessee. This court has not invested significant time in the present litigation. The court has not been required to oversee discovery, which has not yet commenced. While defendants have filed motions to dismiss plaintiff's federal and state law claims, defendants have filed no motions for summary judgment. Since there is no longer a claim under federal law before this court, there are no state law claims "intertwined" with any alleged federal claim. Further, the need to avoid duplicative litigation does not appear to be implicated. On remand, the parties will presumably resume litigating

3

their claims in state court at the same procedural junction where they left off in federal court. The court finds that judicial economy would not be served by exercising supplemental jurisdiction over the remaining state law claims and this court's exercising of supplemental jurisdiction would not foster judicial economy and would result in the court needlessly resolving issues of state law.

Accordingly, the court finds plaintiff's motion to remand [Doc. 11] well taken, and the motion is **GRANTED**. This matter is **REMANDED** to the Circuit Court of Jefferson County, Tennessee.

**IT IS SO ORDERED.**

                                          **ENTER:**

                                              s/ Thomas W. Phillips
                                           United States District Judge